MILTON G. NOBLE ET AL. V. D. C. HILL ET AL.

No. 875.

Limitation—Cotenants—Entry.—Defendants held under vendor, who had made entry under three deeds; one for one-half and two for one-fourth each undivided interests. These deeds, executed by different parties, do not necessarily include the whole tract, and would not entitle the purchaser as against other tenants in common to exclusive possession of any particular portion of the survey. Entry under these deeds would not be tantamount to an ouster of his cotenants.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH. The opinion gives a full statement.

*Pearre & Boynton,* for appellants.—1. The entry on the land with intent to claim the whole is an ouster of the other cotenants, and an adverse entry. Freem. on Coten., 2 ed., secs. 223, 224; 1 Am. and Eng. Encyc. of Law, 234; Shumway v. Holbrook, 1 Pick., 117; Jackson v. Smith, 13 Johns., 411; Dikeman v. Parrish (Pa.), 47 Am. Dec., 455.

2. When one or more cotenants execute a deed or deeds to a stranger purporting to convey all the land, and the vendee enters on all the land under such conveyances, it is an ouster, and starts the running of the statute of limitation. Alexander v. Kennedy, 19 Texas, 488; Freem. on Coten., sec. 224; Jackson v. Smith, 13 Johns., 411; Culler v. Motzer (Pa.), 15 Am. Dec., 604; Burgett v. Taliafero (Ill.), 9 N. E. Rep., 334; Wright v. Kleyla (Ind.), 4 N. E. Rep., 16; Highstone v. Burdette, 61 Mich., 54; Hinkley v. Greene, 52 Ill., 223.

FISHER, CHIEF JUSTICE.—Eighteen persons—some represented by guardians or next friend—including Warren D. Halliday and Georgia E. Mitchell, brought suit in trespass to try title against the five defendants, claiming undivided interests in the land described in the decree. The plaintiffs set up title as heirs at law of Washington Mitchell, who was killed with Fannin at Goliad; the plaintiffs admitted all title not claimed by them in the said defendants.

The defendants answered by (1) general demurrer, (2) general denial, (3) plea of not guilty, and (4) each for himself pleaded the statute of limitation for five years as to the portion of said land claimed by him.

A trial was had on the 24th day of December, 1892, and a decree rendered on said day, and a supplemental decree rendered on the 31st day of December, 1892. By said decrees, plaintiffs Warren D. Halliday and Georgia E. Mitchell recovered an undivided interest of one-thirty-second each. It is agreed that all findings in said decrees are correct, except as to said Warren D. Halliday and Georgia E. Mitchell, and for the one purpose of determining the correctness of the said decree as to these named plaintiffs, this appeal is taken.

*Conclusions of Fact.*—1. That the plaintiffs herein brought suit for undivided portions of the land in controversy and described in the decree, as heirs at law of Washington Mitchell.

2. That the defendants answered by general demurrer, general denial, plea of not guilty, and each defendant set up the statute of limitation for five years as to the portion of said land claimed by him.

3. That a trial of said cause was had and a decree rendered on December 24, 1892, and a supplemental decree rendered on December 31, 1892.

4. That said decrees set out the findings of the trial court, and that all of said findings are agreed to be correct, except as to Georgia E. Mitchell and Warren D. Halliday, and to determine whether or not said decree is proper as to said named plaintiffs, this appeal is taken.

5. That Georgia E. Mitchell and Warren D. Halliday are each entitled to one-thirty-second portion of said land, as found in said decree, unless they are barred by the adverse possession of defendants and those under whom they hold for five years.

6. That if the statute of limitation of five years began to run in favor of defendants against said Georgia E. Mitchell and Warren D. Halliday on December 1, 1881, then said parties are barred; otherwise they are entitled to recover as per said decree.

7. That the defendants and those under whom they claim have made all proper payment of taxes on all of said land since long prior to December 1, 1881; and on that date they held such actual, peaceable, and adverse possession, using and enjoying all of said tract of land, as would start the running of the statute of limitation of five years against said Georgia E. Mitchell and Warren D. Halliday on the 1st day of December, 1881, provided such holding was under deeds meeting the requirements of the statute.

8. All of the title of both plaintiffs and defendants herein comes through the heirs of Washington Mitchell, and the original grantors from whom comes defendants' title were cotenants with the ancestors of said Georgia E. Mitchell and Warren D. Halliday.

9. That the deeds under which such possession was taken and held were the following:

(1) A deed from N. H. Kirkpatrick to J. H. Finks, conveying (or purporting to convey) "an undivided interest of one-fourth (¼) in and to" all of the land described in said decree, describing the same by name of the survey and metes and bounds; and further reciting: "Said one-fourth (¼) interest being two hundred and nine (209) acres more or less, and owned by me, N. H. Kirkpatrick, as vendee of Warren H. Mitchell, one of the heirs at law of said Washington Mitchell."

(2) A deed from B. F. Holmes and M. E. Pitts and W. H. Pitts to John H. Finks, conveying (or purporting to convey) "an undivided half of a survey patented to the heirs of Washington Mitchell," setting out the land, described in said decree, by metes and bounds, and further reciting: "Said one-half interest being 418 acres more or less,

and owned by us, to wit: B. F. Holmes, as vendee of John H. Graham and Rosannah P. Graham, who are vendees of Caroline Keeling, whose maiden name was Caroline Mitchell, one of the heirs at law of said Washington Mitchell, and M. E. Pitts, one of the heirs of said Washington Mitchell."

(3) A deed from Uriah G. Mitchell to John H. Finks, conveying (or purporting to convey) "an undivided interest of one-fourth (¼) in and to" the land described in the decree, giving the county and State where situated, the name of survey, and metes and bounds of said land; and further reciting: "Said one-fourth (¼) interest being two hundred and nine (209) acres more or less, and owned by me, Uriah P. Mitchell, one of the heirs at law of said Washington Mitchell."

All of above described three deeds were duly executed and acknowledged and recorded and indexed in deed records of McLennan County, Texas, prior to December 1, 1881; and all of the defendants hold under said Finks and his vendees, by conveyances duly executed and recorded.

10. That the only question raised on this appeal is the sufficiency of deeds to undivided interests, aggregating the whole, made by cotenants, with all the other requirements met, to fulfill the requirements of the statute of five years in favor of such vendees of such cotenants; and that if the statute began to run on December 1, 1881, then subsequent possession, payment of taxes, execution and recording of deeds, has been such as to complete the bar in favor of defendants against said Georgia E. Mitchell and Warren D. Halliday.

11. The proof showed that Warren H. Mitchell, who deeded to Kirkpatrick, was in fact only entitled to one-thirty-second interest, and Uriah G. Mitchell, who deeded to Finks [see (1), paragraph 9], was only in fact entitled to an undivided one-eighth interest. There was no proof that M. E. Pitts and Caroline Keeling, nee Mitchell [see (2), paragraph 9], were heirs at law of Washington Mitchell. There was no proof that the defendants or those under whom they claim were aware of the facts stated above in this paragraph.

*Conclusions of Law.*—We think the court below rendered the proper judgment. The deeds to Finks were for undivided interests only. His entry under such deeds would not be tantamount to an ouster of his cotenants. The ouster must be unequivocal in order to put the statute of limitation in motion against a cotenant. These deeds are simply for undivided interests, and although if they be added may pass interests in the land equalling the entire tract. But what is there upon the face of the deeds to indicate that the undivided interest conveyed by one deed is not the same undivided interest conveyed by the other deeds? Deeds recognizing a half and a two-fourths undivided interests in the survey, when executed by different parties, do not necessarily include the entire tract, and such deeds would not entitle the purchaser,

as against other tenants in common, to exclusive possession of any particular portion of said survey.

The judgment is affirmed.

Affirmed.

Delivered September 26, 1894.