Missouri, Kansas & Texas Railway Company of Texas v.
I. B. Stone et ux.

Decided January 12, 1910.

**1.—Carrier of Passenger—Negligence—Evidence—Prima Facie Case.**

When it appeared from the uncontroverted testimony that plaintiff was a passenger in a railway coach; that the coach was moved with sufficient violence to throw her against the arm of the seat she was occupying; that other passengers were thrown to the floor and some had their glasses knocked off; that the coach or car was the property of the defendant company which knew it was occupied by passengers, and no explanation of the sudden shock of the car was offered by the defendant, a prima facie case of negligence on the part of the defendant was established, and the burden of proof rested ·upon the defendant to exonerate itself from blame.

**2.—Same.**

When a passenger coach is suddenly jerked or moved so that a passenger therein is violently thrown against the arm of a seat and injured, no burden rests upon the passenger, in a suit for damages resulting therefrom, to show how the car was struck or violently moved, and this, though the plaintiff had alleged a cause; such allegation was unnecessary and therefore its proof was unnecessary.

**3.—Same.**

When a passenger is injured by an accident, such as the derailment of a train, where the track and train are entirely under the control of the defendant and they are not interfered with by any extraneous force, a presumption of negligence arises, and the burden is on the defendant to exonerate itself.

**4.—Charge—Assumption of Fact—Harmless, When.**

That a charge assumes the existence of a fact, and to that extent is erroneous, is not cause for reversal when no other just conclusion could have been arrived at by the jury.

**5.—Damages—Verdict not Excessive.**

Evidence of personal injuries considered, and held sufficient to support a verdict for $7,500 damages.

Appeal from the District Court of Bexar County.   Tried below before Hon. A. W. Seeligson.

*F. C. Davis,* for appellant.

*C. L. Bass,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by I. B. Stone and his wife, Alice J. Stone, for damages alleged to have accrued by reason of personal injuries inflicted on Mrs. Stone through the negligence of the defendant. The suit was against appellant and the Galveston, Harrisburg & San Antonio Railway Company.   A verdict was instructed for the latter, and the jury returned a verdict in favor of appellees as against appellant for the sum of $7500, upon which judgment was rendered by the court.

We arrive at the conclusions from the evidence that Mrs. Alice J. Stone was injured seriously and permanently through the negligence of appellant in violently, and in an unusual manner, moving its car on which Mrs. Stone was a passenger, and that appellees were damaged in the sum found by the jury.

It was alleged in the petition: "That heretofore at about 9 o'clock p. m. on or about the 17th day of February, 1908, plaintiff, Alice J. Stone, was a passenger in a coach of the defendant, Missouri, Kansas & Texas Railway Company of Texas, which was on the railroad track at or near the Union depot within the corporate limits of the city of San Antonio, Bexar County, Texas, and said Alice J. Stone at such time was the legal holder of a ticket over the railroad of defendant, Missouri, Kansas & Texas Railroad Company of Texas, entitling her to transportation over such railroad northward from San Antonio, and such ticket was afterwards surrendered ·by her to a servant of the defendant, Missouri, Kansas & Texas Railroad Company of Texas, for her transportation over such defendant's line of railway northward out of San Antonio.   And at such time said coach was moved and jarred in such a violent manner that the body of plaintiff, Alice J. Stone, was thereby thrown against the internal arrangements of such coach and therefrom injuries to her head, body, small of back, legs, bowels, groins, kidneys, hips, chest, lungs, liver, spinal column, ovaries, womb, as well as to the nerves and circulatory system of blood and lymph of those parts.   That such coach was so jarred and moved by some other car or locomotive coming into violent collision with it."

The only testimony as to how the injuries were inflicted was that of

Mrs. Stone. She testified that she bought a ticket from San Antonio to Sherman over the line of appellant's railway, and at the instance of its employe got in a passenger chair coach belonging to appellant; that she stayed in the car for about an hour before it started. She further stated: "While I was in the car something unusual happened to the car. I felt a jar. I was thrown across the iron side of the chair, and just before we got started the jar came and threw me across the arm of the chair. I was sitting in the coach about half way back from the front as you go in. I was sitting on the right side, my right side was to the aisle. . . . I do not know how violent was the shock of the striking of the car; I could not tell how violent it was. I seen people that were thrown off their seat and thrown down and scrambled around and some glasses were knocked off; the shock was from the front of the car from the north. The car was moved. I do not know just how long the car was in motion before it stopped. I didn't realize how it was. I was hurt myself and stunned and didn't hardly realize that—I can't say how long. After I was thrown against the arm of the chair as soon as I came to myself I got up and sat down. After this it was about one hour before I started on my journey. I proceeded on my journey in the same coach from San Antonio to Denison. I went to my destination in the same car."

The testimony, being uncontroverted, established the facts that Mrs. Stone was a passenger in a coach of appellant, which was to transport her from San Antonio to Sherman; that the car was moved with sufficient violence to hurl Mrs. Stone against the arm of the chair she was occupying, and other passengers to the floor of the car, and some had glasses knocked off. No explanation of the shock received by the car was made by appellant. The car was its property, which it knew was occupied by its passengers, and the car was moved in such a manner as to evidence carelessness and a disregard for the safety and comfort of the occupants. When these facts appeared a *prima facie* case of negligence was shown and the burden rested on appellant to show the circumstances that would exonerate it from blame in that connection. To hold that the burden was on appellees to show how the car was struck or violently moved would require a very onerous and doubtless an impossible undertaking. What may have been the cause of the movement of the car was peculiarly within the knowledge of appellant, and could not be ascertained by a female passenger who was stunned into unconsciousness by a shock which must have been inflicted by appellant. She had placed herself in the hands of appellant for safe carriage to her destination; she was injured in its car by a violent shock to that car, and that evidence raised a fair presumption of negligence on the part of appellant and no effort whatever was made to remove or destroy that presumption by evidence, and appellees were entitled to recover and the court did not injure appellant by so instructing the jury. In the language of Justice Neill, of this court, in the case of Galveston, H. & S. A. Ry. Co. v. Fales, 33 Texas Civ. App., 457: "Had such an issue been submitted, the jury would have been bound to find on it in favor of appellees, for the undisputed evidence raised a fair presumption of

negligence. Had the charge been free from the error complained of, and a verdict been rendered upon the issue of negligence in favor of appellant, it would have been the bounden duty of the court to set it aside, for such a verdict, in face of the fair presumption that arises from the evidence, can not stand." Someone moved the car in which Mrs. Stone was a passenger with such violence that she was seriously injured. The shock to the car was undoubtedly the proximate cause of the injury. Who moved the car? Appellant must be presumed to have been the only one who had the authority to and who did move the car. As said by the Supreme Court in Mexican Central Ry. Co. v. Lauricella, 87 Texas, 277: "It is a reasonable and sound doctrine that when a passenger is injured by an accident, such as the derailment of a train, where the track and train are entirely under the control of the company—that is to say, where they are not interfered with by any extraneous force—a presumption of negligence arises, and that in order for the company to exonerate itself from liability for the injury, it must adduce evidence to show that the accident could not have been avoided by the exercise of the utmost care and foresight reasonably compatible with a prosecution of its business."

It may be conceded that the charge which assumed negligence on the part of appellant was erroneous, but it is manifest that no other just conclusion could have been arrived at by the jury than that appellee was injured through the negligence of appellant, the latter could not have been prejudiced by the error in the charge, and this court will not reverse the judgment on account of the error. Galveston, H. & S. A. Ry. v. Delahunty, 53 Texas, 206; Atkinson v. Ward, 6 Texas, 383; Bowles v. Brice, 66 Texas, 724; Hussey v. Moser, 70 Texas, 42.

The allegation that the coach was "jarred and moved by some other car or locomotive coming into violent collision with it," was totally unnecessary and served no purpose, except to raise a possible issue as to whether it was necessary to prove this allegation in order to recover. If the car was violently and negligently moved and Mrs. Stone was injured thereby, the means by which the car was moved could have no weight in the case and it was therefore unnecessary to allege how it was moved. Mrs. Stone had bought her ticket from appellant and had entered the car provided to transport her to her destination, and while seated in the car was thrown from her seat and injured by a violent movement of the car, which was in the custody and control of appellant. How the shock was given did not matter, and a failure to sustain the unnecessary allegation would not destroy the presumption of negligence. There was nothing in the allegation that could raise the inference or presumption that some agency had caused the shock for which appellant was not responsible. It was responsible for the movements of its cars, whether operating them on its own track or on that of another railroad company, and it would not matter whether the car was struck by its own cars or locomotives or those of the road with which it was associated in the use of the track. The act of negligence charged against appellant was in moving the car violently, no matter what means were used in moving it, and therefore an allegation as to what struck and moved

the car was unnecessary, and it was unnecessary to prove it. From the nature of the case appellees could not know the exact cause of the violent moving of the car, but the facts are peculiarly in the knowledge of appellant, and allegation and proof of such cause were unnecessary. Williams v. Texas & P. Ry., 60 Texas, 206; East Line & R. R. Co. v. Brinker, 68 Texas, 502; Texas & P. Ry. v. Hill, 71 Texas, 451; Missouri Pac. Ry. v. Hennessey, 75 Texas, 155; Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Texas, 371; San Antonio Street Ry. Co. v. Muth, 7 Texas Civ. App., 443 (27 S. W., 756). All question, however, that could arise about this matter is removed by an admission in the fifth assignment of error that "the undisputed and overwhelming weight of the facts shows that the bumping of the cars or jolt, of which plaintiffs complain and predicate their right to recover upon, was nothing more than a slight jolt or jar incident to the coupling of the cars or some other necessary business of defendant, and such as is usual and customary in the operation and handling of cars in the yard by very cautious, prudent and careful persons, was too light to constitute negligence on the part of this defendant."

If what appellees and several physicians testify as to Mrs. Stone's physical condition be true, and the jury must have so found, the verdict for $7500 is not excessive. She testified that on account of the injuries she was confined to her room for eight weeks, suffering all the time with pains in the back and head and spinal column, and that the pains continue. She was in good health when she was injured. She is very nervous now. The blows she received from the violent motion of the car were sufficient to break the skin for a distance of about three inches just above the hip. Two physicians swore that they found several dislocations of the spinal vertebrae. It was shown that her injuries were permanent and that her bad condition was progressive. The judgment is affirmed.

*Affirmed.*

Writ of error refused.