WILLIAM H. WINTER, Jr., PLAINTIFF, v. BLUM'S INCORPORATED, AND SADIE BLUM, DEFENDANTS.

Decided September 27, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Barney Larkey.*

*Contra, Heine & Laird.*

PER CURIAM.

This case is before us on a rule to show cause to the defendant, Blum's Incorporated, why a new trial should not be granted. Sadie Blum, the other defendant, obtained a nonsuit.

There are eight reasons presented on behalf of the defendant why the verdict should be set aside. The reasons are: (1) Verdict is contrary to the weight of the evidence.

(2) Verdict is contrary to the charge of the court. (3) Verdict is contrary to law. (4) The verdict is the result of mistake, passion, prejudice or partiality. (5) Verdict is excessive. (6) Because the trial court erroneously refused to grant a nonsuit on application of the defendant Blum's Incorporated. (7) Because the trial court erroneously refused to direct a verdict in favor of Blum's Incorporated. (8) Because the court erroneously charged the jury as follows: "If you find anything in the case which shows the defendant, in handling this globe, was negligent, as I have defined negligence to you, that, of course, will entitle the plaintiff to recover." A fair reading of the testimony lends no support to most of the reasons.

The only reasons of sufficient importance and interest to be considered are reasons numbers five, six and seven.

Reasons five and six involve the inquiry whether or not the trial judge should have granted a nonsuit or directed a verdict in favor of the defendant.

The facts of the case, as developed by the testimony, are these: The plaintiff was a customer of the defendant, and entered its store as such, and was standing against the counter when a metal chandelier fixture, together with the chain which attached it to the ceiling, dropped, striking the plaintiff on the head, and seriously injured him.

According to plaintiff's story, both the fixture and globe attached to it fell upon his head. He testified: "I went in the store. I went down to Cedar street looking for Blum's store. I had a couple of shirtwaists to have buttonholes put in, and it seems they moved to Halsey street, and I had to look in the telephone book to find out where they had moved. And I went in there. I went to the back of the store. Some elderly lady waited on me. I gave her the shirts and asked to have some buttonholes put in. While I was standing talking to her about the shirts, this thing fell down and hit me on the head."

The plaintiff, being asked if he saw the object which struck him, answered: "There was a man come running, and he showed me what hit me, because I asked, 'what happened?'

He showed me a big shade about that big round, there were clamps on it—the witness indicated about a foot and a half in diameter—and he showed me the shattered glass on the floor."

A reading of the testimony of the witnesses on part of the defendant, discloses that they corroborated the plaintiff's story that the glass shade fell down from the ceiling, but as to how much of the fixture came down was in dispute, and there is some testimony to the effect that a glancing blow struck the defendant on his hat, and that somebody brought him a chair to sit down.

There can be no question that the defendant was hit upon the head, and that he was stunned by the blow. As to what extent he was injured, or how much of the chandelier struck him, was, as already stated, a disputed question of fact, and was for the jury to settle. The plaintiff made out a *prima facie* case, and therefore a nonsuit would have been improper. Nothing appeared in the testimony on behalf of the defendant which was a legal bar to the plaintiff's right of recovery.

The only question which remained for the jury to settle, under the evidence, was whether the defendant used reasonable care to keep the premises in a rasonably safe condition. It was a jury question whether or not reasonable care was taken in providing a proper fixture, and in keeping it in proper repair. The fact that the fixture fell indicated there was some cause for its falling, either by the fixture being out of repair or not being properly fastened. The burden was upon the defendant to establish facts tending to show that it had used reasonable care, and it was for the jury to say from the evidence whether the defendant had exercised the reasonable care required of it, while it is true the burden of establishing negligence of defendant rests upon the plaintiff and does not shift, nevertheless the burden rested upon defendant to establish the facts of the defense.

We think the motions for a nonsuit and for a directed verdict were properly refused.

Nor do we think that under the testimony as to the character of the injury which the plaintiff received, that the

verdict is excessive. From the medical testimony it is quite clear that the blow which the plaintiff received was a severe one, and of sufficient force to stun him and to cause a concussion of the brain. The results which ensued from the injury, according to the testimony of the experts, indicate that the injury is a permanent one.

The rule to show cause is discharged, with costs.