**COLLINS v. GULF BLDG. CORPORATION.**

No. 10107.

Court of Civil Appeals of Texas. Galveston.

April 17, 1935.

Rehearing Denied May 9, 1935.

H. J. Hendrix and C. L. Bass, both of Houston, for plaintiff in error.

Sam Neathery, of Houston, and Touchstone, Wight, Gormley & Price, of Dallas, for defendant in error.

LANE, Justice.

This suit was brought by Emma Mae Collins in the Fifty-fifth district court of Harris county, Sellers J. Thomas presiding as special judge, against the Gulf Building Corporation, to recover for personal injuries suffered by her by reason of alleged negligence of Gulf Building Corporation, which, for convenience, will be hereinafter referred to as the corporation.

Plaintiff alleged that on the 12th day of August, 1930, the corporation owned and operated what is known as the Gulf building in the city of Houston, Harris county, Tex., as an office building; that on said day she was employed by and working for the Gulf Refining Company in its office on the tenth floor of the Gulf building, and that while passing from the office to the elevator she was struck violently on the head by a heavy electric light fixture or chandelier, which fell from the ceiling of the hall of such building, and she was rendered unconscious for several hours,

and that by reason of the injury inflicted upon her by the falling of such light fixture she has been rendered subject to constant headaches and extreme nervousness to such an extent that she has not been able since to satisfactorily perform any character of work; that as a direct and proximate result of said injury, plaintiff suffered a severe mental shock and psychic upset, together with increased intracranial pressure, which has affected her health and nervous system to such an extent that she has greatly lost in weight and has become a nervous wreck; and that said condition still exists.

Plaintiff further alleged that her injury was caused directly by the negligence of the Gulf Building Corporation, its agents, servants, and employees, in that the light fixture in said hall was insecurely and improperly fastened, or attached in such manner as to cause it to fall upon her as before stated; that at the time of such injury and for several months prior thereto, she was a healthy, robust woman of about twenty years of age, and was an expert officer worker, capable of earning $80 to $100 per month, and was receiving from the Gulf Refining Company at the time of her injury the sum of $80 per month in wages, and that she has not been able to work or earn wages since the 19th day of May, 1931, or to perform work of any character since that time, owing to her physical condition resulting from such injury, and that she had lost at the time of the filing of this suit sixteen months' time, or the equivalent of $1,280 in wages, and that she has been compelled to pay $100 in doctors' bills and for necessary medicines; and that she will continue to be unable to work and continue to suffer physical and mental anguish, and as a result of such injury she has sustained damages in the amount of $10,000, to plaintiff's damage in the sum of $11,380.

Defendant answered by general demurrer and general denial.

A jury was selected to try the cause, and after the plaintiff had introduced her evidence and rested and before the defendant had offered any evidence, a peremptory instruction was given to the jury to return a verdict for defendant upon a motion of defendant therefor. Such verdict was returned and judgment accordingly rendered. From such judgment, the plaintiff has appealed to this court and insists that the court erred in charging the jury that plaintiff had failed to establish the material allegations of her petition, and upon such conclusion instructing a verdict for defendant.

The contention of appellant is sustained. It was shown that Miss Collins, the plaintiff below, was on the 12th day of August, 1930, an employee of a company in its office on the tenth floor of the building in question, and that when she started to lunch and was passing through the hall of the building to the elevator a chandelier or globe fell from the ceiling of the hall and struck her on the head, resulting in her injury.

Louis Leonetti testified that he saw Miss Collins just after she was injured and that he then saw glass on the floor; that of his own personal knowledge he knew where the glass came from, because there was only one place it could have come from; that when he saw the glass on the floor he looked up and saw that the chandelier or globe was not in its place.

H. C. Turner testified that he was present at the time of the accident in question; that he saw the glass spatter on the floor and saw Miss Collins falling; that he knew of his own personal knowledge and observation that the glass mentioned was the bottom part of the chandelier, because after he saw the shattered glass on the floor he looked up and saw that the chandelier was gone.

W. B. Booker, superintendent of the Gulf building, testified that in the hall in question there was attached to the ceiling a chandelier or globe fourteen inches in diameter; that inside the globe was a lighting bulb of 100-watt size; that the corporation has men to replace such fixtures when they get broken and also replace the bulbs inside of the fixtures; that the means used for holding such fixtures in place are several; first, screws; second, a contracting band, etc. He testified further that he knew that the globe in question was inspected, because it was his policy to have such inspections; that he did not know whether or not the screws which were used to hold the fixture were tightened in properly.

It is shown by such testimony and circumstantial evidence that appellee undertook to maintain the fixture in question. That it was its duty to use reason-

able care to see that the same was so maintained as not to fall and injure persons cannot be reasonably questioned. It is certain from the undisputed facts that such fixture fell, and that it was not securely fastened to the ceiling, for if it had been it would not have fallen unless some one at the time of the accident had done some act which caused it to fall, and there is not the least intimation in the evidence that any such act was done. There is nothing shown in the entire record to raise an inference or presumption that some agency other than the negligence of appellee caused the accident.

■■ It is a reasonable and sound doctrine that when one is injured by an accident, such as the one in the present case, where the fixture which fell was entirely under the control of the owner thereof, that is to say, where such control is not interfered with by some extraneous force, a presumption of negligence arises, and that in order for the owner in control to extricate itself or himself from liability for injury it or he must adduce evidence to show that the accident could not have been avoided by the exercise of care and foresight, reasonably compatible with a prosecution of its or his business. When the thing, as in this case, is shown to have been under the management of the owner thereof, or his servants, and the accident is such as in the ordinary course of things does not happen if those who have such management use proper care, it affords reasonable evidence, in the absence of explanation by those in control, that the accident arose from want of care.

In view of what we have pointed out, we think it clear that the trial court erred in instructing a verdict for the defendant. For authorities to support our conclusions: Gulf, C. & S. F. Ry. Co. v. Dunman et al., 27 S.W.(2d) 116, 72 A. L. R. 90, by Texas Commission of Appeals, approved by the Supreme Court; Missouri, K. & T. Ry. Co. v. Stone, 58 Tex. Civ. App. 480, 125 S. W. 587, writ of error denied; Southwestern Telegraph & Telephone Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799.

Having reached the above conclusions, the judgment is reversed and the cause remanded.

Reversed and remanded.

On Motion for Rehearing.

The judgment of the trial court was by this court reversed and the cause was remanded.

The appellee filed its motion for rehearing which this court has refused. We now cite the case of J. C. Merchant et al. v. Houston Gas & Fuel Co. (Tex. Civ. App.) 78 S.W.(2d) 656, as further supporting our conclusions expressed in the tenth paragraph of our opinion in the present case.