For Appellee: John J. St. Andre.

*Municipal Court of the Roxbury District*

No. 7801

*Northern District*

No. 4889

## STANLEY RAKOSKI

v.

## BLAIR'S FOODLAND, INCORPORATED

(October 19, 1955)

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover for personal injuries sustained as a result of the fall of a lighting fixture on his head and shoulder from the ceiling in the defendant's store. The defendant's answer is a general denial.

At the trial (*Gourdin, J.*) there was evidence tending to show that on June 29, 1953, and for some time previously, the defendant conducted a grocery business on the premises at 2214 Washington Street, Roxbury; that on that day the plaintiff bought meat in said store, paid his bill and while he was near the cashier's window walking out, a light fixture fell from the ceiling onto his head and left shoulder; that the manager came over and the plaintiff spoke to him; and that he sustained injuries to his head and left shoulder. When asked to describe in detail the

electrical fixture which allegedly caused the injuries, and to state as accurately as possible the shape, size, length, width, weight and appearance of the fixture, the plaintiff responded, "I saw the electrical fixture broken on the floor and did not observe it otherwise." The rest of the reported evidence concerns only the extent of injuries sustained. The defendant offered no evidence or explanation as to the cause of the fall of the fixture.

The trial judge denied the following requests for rulings of the defendant:

"1. The evidence does not warrant a finding for the plaintiff."

"2. On all the evidence there should be a finding for the defendant."

and found for the plaintiff.

The report states that it contains all the evidence material to the question reported.

Mere happening of an accident is not evidence of negligence, *Reardon v. Boston Elevated Ry.*, 247 Mass. 124, 126; *Baker v. Davis*, 299 Mass. 345, 348; *Bray v. Boston Elevated Ry. Co.*, 303 Mass. 379, 380; *Abrahams v. Rice*, 306 Mass. 24; *Zarrillo v. Stone*, 317 Mass. 510, 512, therefore, the plaintiff cannot recover unless the doctrine of *res ipsa loquitur* is applicable to this case.

This doctrine has been defined substantially as follows:

"Where the thing which caused an injury is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care."

65 *C.J.S. Negligence*, 987 §320 (2); *Cooley on Torts, Vol.* 3, 369, §480 (1932) 37 Words and Phrases, Perm. Ed. 482; *Hanahan v. Lyons*, 197 Mass. 367; *Walker v. Benj. Kid Co.*, 279 Mass. 533; *Lynch*

*v. N. Y. N. H. & H. RR. Co.*, 294 Mass. 152, 161; *Buda v. Foley*, 302 Mass. 411; *Liberatore v. Framingham*, 315 Mass. 538.

In order then that the doctrine may be applied it must first appear that the thing causing the accident was under the control of the defendant or his servants.

The facts here warrant such a conclusion. The defendant on the date of the accident, and for some time previously conducted a grocery business on the premises. The trial judge could find that the premises were in the possession and under the control of the defendant and used by it for its own purposes, and that the plaintiff was a business invitee of the defendant, *Lowner v. N.Y., N.H. & H. RR., Co.*, 175 Mass. 166; *McNamara v. B. & M. RR.*, 202 Mass. 491, 496; *Knych v. Trustees of N.Y., N.H. & H. RR.*, 320 Mass. 339.

Secondly, it applies only where the accident is such that there is just ground for a reasonable inference that according to ordinary experience it would not have occurred without negligence of the defendant. The trial judge could rightfully find that a lighting fixture does not usually fall from a ceiling unless it is improperly affixed thereto. *White v. B. & A. RR. Co.*, 144 Mass. 404; *Beattie v. Boston El. Ry. Co.*, 201 Mass. 3, 6; *McNamara v. B. & M. RR.*, 202 Mass. 491; *Navien v. Cohen*, 268 Mass. 427, 431; *Garrett v. McDonough Co.*, 297 Mass. 58, 60; *Cleary v. Union Realty Co.*, 300 Mass. 312; *Iandoli v. Donnelly*, 1955 A.S. 557.

The doctrine of *res ipsa loquitur* has also been applied in any other jurisdiction, in cases involving the fall of lighting fixtures. *Mayes v. Kansas City Power etc. Co.*, 121 Kans. 648; *Gibbs v. Poplar Bluff etc. Light Co.*, 142 Mo. A. 19; *Gallagher v. Edison Illum. Co.*, 72 Mo. A. 576; *Sweeney v. Edison Ill. Co.*, 143 NYS 636; *Goldstein v. Levy*, 132 NYS 373; *Galbraith v. Smith*, 120 N.J. Law 515; *Winter v.*

*Blum's Inc.*, 7 N.J. Misc. 844; *Collins v. Gulf Bldg. Corp.* (Tex. Civ. App.) 83 SW 2d 1093.

Finally we can say of this case as was said in *Knych v. Trustees of the N.Y. N.H. & H. RR.*, 320 Mass. 339, 343:

> "Where the instrumentality involved is in the exclusive control of the defendant at the time of injury and the defect is of such nature that its mere existence can reasonably be thought more likely to be due to the negligence of the defendant than to some other cause, then by hypothesis a case for the jury is made out without carrying the actual proof beyond the existence of the defect causing injury to the plaintiff."

The defendant having offered no explanation as to cause of the falling of the fixture, the trial judge could rightfully infer that it was due to the defendant's negligence under the doctrine of *res ipsa loquitur*.

There was no prejudicial error, therefore, in the denial of the defendant's requests for rulings and the report is to be dismissed.

Louis K. Nathanson, for the plaintiff.

Robert J. Cook, for the defendant.