**CITY OF LAMPASAS, Appellant,**

v.

**Don D. ROBERTS et ux., Appellees.**

**No. 11355.**

Court of Civil Appeals of Texas.

Austin.

Jan. 12, 1966.

Rehearing Denied Feb. 2, 1966.

J. J. Byrne, Lampasas, Stubbeman, McRae, Sealy & Laughlin, Charles Tighe, Midland, for appellant.

Pat Cain, Jack Garey, Austin, for appellees.

PHILLIPS, Justice.

This is a suit for damages for the death of Donald Wayne Roberts, 6½ years of age,

brought by his parents against the City of Lampasas.

The court, upon a jury's answers to Special Issues, awarded a judgment of $17,500.-00.

We affirm the judgment of the trial court.

## I.

Donald Wayne had gone with his parents to a family reunion and picnic at Hancock Park in Lampasas, Texas in June of 1964. Hancock Park is a public recreation facility maintained by the City.

The picnic area, where the reunion and picnic were held, contained tables for eating, a sand pile and playground equipment for the use of children. This area was open to the public without charge.

Alongside this area, and separated therefrom by a single-strand smooth wire, was the golf course. In this golf course area immediately adjacent to the picnic area, that we have just described, were some 55 gallon steel barrels or drums which held liquid fertilizer used on the golf course. In order to take the liquid fertilizer out of the barrels a spigot was inserted in the end of the barrel and the barrel was turned on its side, against a log or a piece of wood, so that when the spigot was open, the liquid fertilizer would flow out of the barrel. The barrels containing the liquid fertilizer were usually left in an upright position because, as the City Manager testified, he had instructed his employees "to keep those barrels turned up. Some child or teenager through vandalism or other reason might drain that [liquid chemical fertilizer] out."

On the day prior to the picnic that Donald Wayne and his parents attended, one of defendant's employees had been using the fertilizer, but had forgotten to leave it in an upright position. It was left in the tilted, horizontal position wherein the spigot could be used through gravity flow to release the liquid fertilizer.

Thus it was on that day in June when Donald Wayne and his parents came to the picnic area for the family reunion. They arrived around 10:30 or 11:00 a. m. After eating, Mr. Roberts went to play golf and Donald Wayne remained with his mother and played in the area on both sides of the wire strand that separated the playground from the golf course area. Using a cup that he had brought from the picnic area Donald Wayne drew some of the liquid fertilizer from the barrel, drank one swallow and died therefrom that night.

## II.

Appellant City is before this Court with twenty-one points of error. The first six points, briefed together, are the error of the trial court in overruling appellant's Motion for Judgment Notwithstanding the Verdict and to Disregard, and appellant's Motion for Judgment and in entering judgment for appellees because the appellant did not owe the duty of ordinary care to Donald Wayne Roberts; because the verdict provides no basis for the imposition of duty of ordinary care on appellant; because Special Issue 2–A, and the affirmative answer of the jury to A, is insufficient as a basis for the imposition of the duty of ordinary care on appellant; because there was no evidence to support the affirmative answer of the jury to Special Issue 2–A; because of insufficient evidence thereto; because the answer of the jury to Special Issue 2–A was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

We overrule these points.

Special Issue 2–A is as follows: "Do you find from a preponderance of the evidence that at the time and on the occasion in question employees of the defendant in the exercise of reasonable care knew or should have known that children would be likely to go west of the single strand wire fence in the area of the barrels?" The jury answered in the affirmative.

■ We find no difficulty in holding that Donald Wayne was an invitee in this public park, both in the picnic and the golfing area, and as an invitee was entitled to the concomitant care requisite of this class.

■ The City, in this case, is in the same position as any other business man or property owner opening his premises to the general public. By the very nature of this public facility, the City could and should expect the use of these premises by large family groups including children. As stated in 40 Tex.Jur.2d, page 569:

"A store owner is under a duty to use due care to make the premises safe for all invitees, both adults and young children, and though he owes the same degree of care to both, different precautions must be taken for children if the store owner's conduct is to measure up to the standard of due care under all the circumstances."

In this regard see: Thacker v. J. C. Penney Co., 254 F.2d 672, 5th Cir. 1958.

■ We are not impressed with appellant's attempt to draw a distinction between the picnic-playground area and the golf course and their argument that Donald Wayne was at best a mere licensee on the golf course because of the wire strand separating the area and the green fee charged for the use of the course.

■ The green fee was for the use of the course and was not an admittance fee to that part of the park. It is common knowledge that golfers are often accompanied by non-playing friends or family members who pay nothing to get on the golf course. They are entitled to the same duty of reasonable care on the part of the City as the fee paying golfers. See Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W. 2d 1073.

■ Nor are we impressed with appellant's attempt to show that the area of the park containing the barrels and some other work implements constituted off-limits area separate from the park itself and the golf course.

As stated above, these barrels were lying in an area immediately adjacent to the playground equipment. In one instance they lay but a few feet from one of the games that the City had provided. The City employees knew that children played in this area and during the family reunion described herein, the children had been playing in and out of the area without causing any concern to the parents. There was no way whatsoever for the parents to have known that the barrels contained liquids dangerous to children and the barrel that contained the spigot from which Donald Wayne drank was turned in such a manner so that the spigot could not be observed from the playground area where the parents were gathered.

The jury found that the City employees "knew or should have known that children would be likely to go west of the single strand of wire in the area of the barrels."

■ The test of whether a person is an invitee at the exact place of injury is whether the owner of the premises ought to have anticipated the presence of a member of the public at that particular point on the premises that are devoted to public use. Burton Construction and Shipbuilding Company v. Broussard, 154 Tex. 50, 273 S.W.2d 598; Texaco Country Club v. Wade, Tex. Civ.App., 163 S.W.2d 219.

■ If the appellant desired to create a zone in this public park where children or others were not allowed, it was incumbent upon it to either adequately fence off the area, so as to keep the children or others out or, at least, apprise the parents of impending danger either through appropriate signs or through other methods.

■ Under the facts of this case there was no reason for Donald's parents to have anticipated any danger from chemicals and

they cannot be designated as being negligent for failing to keep him away from the barrels.

## III.

Appellant City's points of error seven through thirteen complain of the error of the trial court in entering judgment for appellees on the basis of Special Issues Nos. 1, 2–B, 3 and/or 5 because each is based on a standard of duty not applicable to appellant; because there was no evidence of negligence on the part of appellant to support the answers of the jury to each of these issues; because of insufficient evidence to support them; because the affirmative answer thereto by the jury to each of these issues was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust; because of no evidence of proximate cause with respect to Special Issues 2, 4 and/or 6; because of insufficient evidence of proximate cause thereto; because in entering judgment for appellees on the basis of Special Issues Nos. 2, 4 and/or 6; because the affirmative answer of the jury to each of these issues was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

We overrule these points.

In Special Issue No. 1 the jury was asked whether or not appellant was negligent in leaving barrels of liquid fertilizer at the place and in the manner and condition in which they were left; in Special Issue No. 2 whether or not such negligence, if any, was a proximate cause. In Special Issues Nos. 2–B, 3 and 4 the question of negligence, and proximate cause, were submitted on an issue of whether or not appellant failed to provide an adequate fence around the barrels, and Special Issues Nos. 5 and 6 submitted the question of whether or not appellant was negligent in failing to display warning signs in the area where the barrels were kept.

Appellant contends that all of these issues are without evidentiary support because appellant neither knew nor should have known, that small children were likely to frequent the place and play about it, nor did appellant know, nor should it have known, that the condition involved an unreasonable risk of death or serious bodily harm to children. That these findings, supported by the evidence, are necessary in order to hold appellant liable.

We hold that there is ample evidence to support these findings.

Appellant undertook to operate and maintain a public park where, by the very nature of the use to which it was put, family groups and small children in large numbers would be expected to be on and about the premises. The Roberts family reunion group of approximately 75 adults and 35 children was the type of gathering that could reasonably be expected to use the park premises and were welcomed by the park management.

Appellant's witnesses and employees agreed that the single strand of wire running through the area was not any deterrent whatsoever to small children. The park employees and supervisors testified that they had actual knowledge that children did play on both sides of the wire. These men further testified that the barrels of liquid chemical fertilizer were always, before the day in question, kept upright with the spigots detached. This was done because, as testified to by the City Manager, "some child or teenager through vandalism or other reason might drain [the liquid fertilizer] out." The park employees were instructed to keep the barrels upright with spigots out. This was done with the one exception that proved fatal to Donald Wayne Roberts. In addition, each of the City's witnesses admitted that they knew the liquid fertilizer was potentially harmful or dangerous if taken internally.

## IV.

Appellant's points of error fourteen through sixteen are the error of the trial court in entering judgment for appellees on the basis of Special Issues Nos. 10, 11, 12, 13, 14 and/or 15 because there was no evidence to support the negative answers of the jury to these issues; because of insufficient evidence thereto, because the negative answers of the jury to each of these issues were so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

Special Issues Nos. 10 and 11 inquired as to whether or not Donald Wayne was negligent in drinking the liquid fertilizer, and if so, whether such negligence was a proximate cause of the occurrence in question. Special Issues Nos. 12 and 13 inquired as to whether Donald Wayne was negligent in going west of the single strand wire fence and whether such negligence, if any, was a proximate cause of the occurrence in question. All of these issues were answered in the negative. It is appellant's position that these answers are not supported by the evidence.

We overrule these points.

As a 6 year old, Donald Wayne was approaching the threshold of an age where the law will not conclusively presume that he could not have been contributorily negligent, however, he was not yet at this age. As stated in 40 Tex.Jur. 584:

"As a general rule, a child under the age of seven years is presumed not to have discretion such as will enable him to avoid danger or dangerous places; as to children between the ages of seven and fourteen years, it is a question of fact as to whether they possess such discretion; and as to children over fourteen years of age, the presumption is that they have such discretion."

We cannot say, under the circumstances, that as a matter of law that the jury was wrong in its findings here either because of no evidence or insufficient evidence.

Paper cups were available to the children so that they could help themselves to the liquid refreshments available to the picnic group. The fact that he had been admonished from going out on the golf course would hardly be any deterrent from getting a drink in the very area where children of his age had been playing at various times throughout the day without objection from parents on the scene.

The jury's answers were logical conclusions from the facts presented them.

## V.

Appellant's points seventeen through twenty, briefed together, complain of the error of the trial court in entering judgment for appellees for $17,500.00 because there was no evidence to support the verdict of the jury for this amount; because of insufficient evidence thereto; because this amount was excessive as to clearly show that the jury was motivated by passion and prejudice; because that this amount was so excessive and without support in the evidence that, in the alternative, a remittitur should be ordered.

We overrule these points.

Appellees originally brought suit for $25,000.00, however the jury found the $17,500.00 as their pecuniary loss and did not award the additional amount sought for conscious pain and suffering of Donald Wayne. We do not think that this indicates that the jury was motivated by passion or prejudice.

Under Rule 328, Texas Rules of Civil Procedure, as interpreted by the Supreme Court in Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835, this Court is required to exercise its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation for the injury sustained. This we have done in the light of the whole record.

The Roberts family contained a history of help to parents by children in non-farm employment. Donald Wayne's parents are of modest means. On an actuarial basis, Donald's mother can be expected to live eight years longer than his father and could reasonably have looked to financial aid from Donald Wayne, her oldest son who would have been approximately 43 years old at his father's death.

### VI.

Appellant's twenty-first point of error is that of the trial court in overruling appellant's Motion for Mistrial on the grounds of improper jury argument.

We overrule this point.

Appellant quotes portions of appellees' arguments to the jury relative to numerous issues submitted and contends that appellees were not merely asking the jury to answer the respective issues favorable to appellees which is proper, Sec. 57 Tex.Jur. 2d, Sec. 525, f. n. 3 and 4 and cases cited therein, but was indicating to the jury the legal effect of their answers upon the judgment to be rendered which is improper.

We have read the portions of appellees' arguments indicated by appellant however to set them out here would unnecessarily lengthen this opinion. The arguments were merely an attempt on the part of appellees to sway the jury in their direction on each issue. They were not arguments calculated to apprise the jury of the legal effect of their answers. In any event, there was no objection by appellants thereto so that the court had no opportunity to rectify any supposed error. Consequently any possible error was waived. See Younger Bros. v. Myers, 159 Tex. 585, 324 S.W.2d 546.

Finding no error we affirm the judgment of the trial court.

Affirmed.