**LEVIT'S JEWELERS, INC., d/b/a Main Discount Store, Appellant,**

v.

**Benjamin F. FRIEDMAN, Appellee.**

**No. 4579.**

Court of Civil Appeals of Texas.

Waco.

Jan. 26, 1967.

Rehearing Denied Feb. 16, 1967.

Baker, Botts, Shepherd & Coates, Paul W. Persons, Houston, for appellant.

Otto A. Yelton, Jr., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Levit, from a judgment for plaintiff Friedman, in a suit for personal injuries received by plaintiff, when a sign owned by defendant and attached to the outside of defendant's store, fell and struck plaintiff on the head. Plaintiff plead the doctrine of res ipsa loquitur, and alternatively that defendant was guilty of specified acts of negligence. Trial was to a jury which found:

1) The sign at the time and on the occasion in question was under the exclusive control of defendant.

2) Defendant did not fail to have the sign properly secured to the premises.

3) Defendant failed to maintain the sign in a safe condition, which was negligence, and a proximate cause of plaintiff's injuries.

4) Defendant failed to properly inspect the sign, which was negligence, and a proximate cause of plaintiff's injuries.

5) The occurrence was not an unavoidable accident.

6) Plaintiff was struck by the falling sign on April 16, 1963, and sustained personal injuries to plaintiff's damage of $10,000.

Plaintiff moved for judgment on the verdict; and defendant moved to disregard findings and for judgment, and alternatively for judgment notwithstanding the verdict.

The trial court overruled defendant's motions and entered judgment for plaintiff on the verdict.

Defendant appeals on three points, contending:

1) Defendant is entitled to judgment because plaintiff did not obtain findings of any defective condition which defendant could or should have discovered in the exercise of ordinary care, and which had existed sufficient time for defendant to have discovered it.

2) There is no evidence, or insufficient evidence of negligence on the part of defendant proximately causing plaintiff's injuries.

3) Defendant is entitled to judgment because the jury found defendant did not fail to have the sign properly secured to the premises, which was the ultimate and controlling issue in the case.

Defendant's first two contentions in effect complain of the applicability of the res ipsa loquitur doctrine. Defendant asserts the evidence shows the accident was caused by the combined effect of the design of the sign and the wind; and that the sign was within reach of the general public; and that for these reasons, res ipsa loquitur is inapplicable, and plaintiff had the burden of securing findings of a specific defective condition proximately causing plaintiff's injury.

Defendant was owner of the sign which fell on plaintiff, and had full complete possession and control of the premises. The sign was put up in November, 1962 as an inexpensive, temporary sign which would be up through the Christmas season. The business continued, however, for some 14 months, and the sign fell on plaintiff in April, 1963. Defendant was warned by the man who installed the sign that it was of a temporary nature, and if the store was to remain open, the sign should be checked. There is evidence the sign fell because its right side broke loose; and evidence that the wire holding the right side had unraveled; and that over a period of time movement caused by the wind would gradually unravel the wire. There is evidence a close inspection of the sign would have disclosed the wire was coming unraveled, or if the sign was in an unsafe condition. The sign had no maintenance after its installation, and the only inspection was a casual glance by defendant's manager.

Defendant filed no motion for new trial and elected to complain of the trial court's refusal to render judgment non obstante. See Rule 324, Texas Rules of Civil Procedure.

Under Rule 301 T.R.C.P. the trial court can render judgment non obstante only where a directed verdict would have been proper.

■ Defendant plead the doctrine of res ipsa loquitur. The defendant admitted and the jury found that the sign was in the exclusive control of defendant. There is no evidence that it was meddled with by any member of the general public. We think the doctrine of res ipsa loquitur applies and in such situation it is not necessary to plead and prove specific acts of negligence, and the issues submitted inquiring if defendant failed to maintain and properly inspect the sign are proper. Bond v. Otis Elevator Co., Tex.Sup.Ct., 388 S.W.2d 681. See also: Leonard Bros. v. Newton, Tex.Civ.App., Er. Dis., 71 S.W.2d 613; Collins v. Gulf Bldg., Tex.Civ.App., Er. Ref., 83 S.W.2d 1093; Southwestern T. & T. Co. v. Sheppard, Tex.Civ.App., Er. Ref., 189 S.W. 799.

■ Defendant's third contention is that it is entitled to judgment because the jury found it did not fail to have the sign properly secured to the premises. The record reflects such issue referred to whether the sign was properly secured at the time it was fastened to the building, and that all parties so understood it. If we should (which we do not) regard such issue in conflict with the other issues, defendant did not complain on motion for new trial, and cannot here complain. City Transp. Co. of

Dallas v. Vatsures, Tex.Civ.App., Er. Dis., 278 S.W.2d 373.

All defendant's points and contentions are overruled.

Affirmed.