WAL–MART STORES, INC., Appellant,

v.

Tony LERMA and Cynthia Lerma, Individually and as Next Friends of Amanda Lerma, Appellees.

No. 13–87–270–CV.

Court of Appeals of Texas, Corpus Christi.

April 7, 1988.

Jaime A. Drabek, Paul Q. O'Leary, Hirsch, Glover, Robinson & Sheiness, Brownsville, Jack McKinley, Hirsch, Glover, Robinson & Sheiness, Houston, for appellant.

John William Black, Wiech & Black, Brownsville, for appellees.

Before BENAVIDES, UTTER and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Wal–Mart Stores, defendants below, appeal from a trial court's judgment in favor of Cynthia and Amanda Lerma, appellees. Cynthia and Tony Lerma, individually and as next friends of Amanda Lerma, commenced this personal injury action against Wal–Mart after their three-year-old daughter, Amanda, was injured by a clothing rack.

After a trial before the bench, the trial court found that Wal–Mart was liable under both the doctrine of *res ipsa loquitur* and negligence based on a premises liability theory.

In four points of error, Wal–Mart challenges the court's application of *res ipsa loquitur* to the facts of this case, and its denial of Wal–Mart's motion for instructed verdict when there was no evidence or, alternatively, insufficient evidence of Wal–Mart's negligence to support the verdict.

Cynthia Lerma accompanied by her daughter, Amanda, were shopping at a Wal–Mart Store located in Brownsville, Texas. While in the infant's wear department, Amanda, separated from her mother, was observed by Angie Garza, a Wal–Mart employee, swinging on a clothing rack.

Ms. Garza, the sole witness to the accident, testified that by the time she realized

the child was playing on the rack, it had fallen on top of the child. There was no controverting evidence that the accident occurred in any other manner, nor was there any evidence that the rack was defective.[1]

In its first and third points of error, Wal–Mart argues that the theory of *res ipsa loquitur* is not applicable to this case since the theory was not pled and the evidence did not permit its application.[2]

■ We acknowledge that in a proper case general allegations of negligence, as were pled here, may give rise to an application of *res ipsa*. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1974). However, it is apparent that the facts and circumstances surrounding this case do not support the application of this doctrine.[3]

■ In Texas, *res ipsa loquitur* is a rule of evidence which infers negligence in certain types of cases. *Marathon Oil v. Sterner*, 632 S.W.2d 571, 573 (Tex.1982). *Res ipsa* will not be invoked unless two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence, and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex. 1986); *Conaway v. Roberts*, 725 S.W.2d 377, 378 (Tex.App.—Corpus Christi 1987, no writ). The purpose of *res ipsa* is to relieve the plaintiff of the burden of proving a specific act of negligence when it is not possible for the plaintiff to establish a sequence of events, or when the defendant has superior knowledge or means to discover the cause of the accident. *Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex.1982). *Res ipsa* is not applicable if the evidence conclusively establishes the facts surrounding the accident. *Mobil Chemical Co.*, 517 S.W.2d at 254.

■ The doctrine has properly been applied to cases involving store fixtures which caused injury to business invitees. However, recovery is allowed only when the evidence shows that the fixtures are entirely under the control of the defendant, and there is no evidence that the instrumentality had been "meddled" with by the person injured or the public. *Levit's Jewelers, Inc. v. Friedman*, 410 S.W.2d 947 (Tex.Civ.App.—Waco 1967, no writ); *Collins v. Gulf Building Corp.*, 83 S.W.2d 1093 (Tex.Civ.App.—Galveston 1935, writ ref'd).

In the instant case, the evidence conclusively establishes that the accident occurred as a result of a child swinging on a clothing rack, therefore, the fixtures were not entirely under Wal–Mart's control and the trial court committed error in applying the doctrine. *Ross v. Up–Right Inc.*, 402 F.2d 943, 948 (5th Cir.1968); *Robertson v. Southwestern Bell Telephone*, 403 S.W.2d 459, 465 (Tex.Civ.App.—Tyler 1966, no writ). However, since the court's findings of facts and conclusions of law support the court's judgment without looking to the doctrine of *res ipsa*, the error was harmless. *Gulf Liquid Fertilizer Co. v. Titus*, 354 S.W.2d 378 (Tex.1962).

Wal–Mart, in its final points of error, argues that there was no evidence or, alter-

---

1. Cynthia Lerma testified that she did not witness the accident and had no personal knowledge of why the rack fell over, but she speculated that the rack may have been overloaded with clothes or unstable because the racks only had three legs. The assistant manager of Wal–Mart inspected the rack after the accident and he testified that there was nothing unusual about the rack.

2. In their pleadings, the appellees alleged that Wal–Mart was negligent by: (1) maintaining a dangerous condition at its place of business; (2) failing to warn its customers of a dangerous condition that it knew or should have known existed at its place of business; (3) failing to inspect its floor displays for dangerous conditions; (4) failing to cure a dangerous condition about which it knew or should have known; (5) failing to furnish a safe place to conduct business; and (6) maintaining a dangerous condition where Defendant knew or should have known children would be near. There were no special exceptions filed complaining of appellee's pleadings.

3. The appellee, in its brief, did not seriously contest appellant's *res ipsa* points of error, but merely stated that the issue of *res ipsa* was irrelevant because the judgment was supported by the evidence presented on ordinary negligence principles.

natively, insufficient evidence of its alleged negligence. Specifically, Wal–Mart challenges the trial court's findings that Wal–Mart was negligent by maintaining a dangerous condition at its place of business for which it failed to warn. Wal–Mart also alleges that there was no evidence that it failed to exercise reasonable care to protect its customers.

In assessing challenges to factual and legal sufficiency of the evidence we will follow the well-established test recently reaffirmed in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex.1986).

At the trial below, the evidence concerning a "premises defect" was provided by the assistant manager of Wal–Mart, Jose Garcia. Garcia testified that he had never experienced any problems with the clothing racks at Wal–Mart. However, Garcia explained that the clothing racks located in the children's department were set at their lowest position, even though he was aware that children would frequently play on the racks. The record shows that the racks could have been adjusted to a height where children could not reach up and grab them, but that Wal–Mart chose not to make such adjustments. Wal–Mart instead merely instructed their employees to direct children back to their parents whenever they were observed playing in the racks.

Wal–Mart argues that since the appellees introduced no evidence that the rack was defective, unstable, or had previously injured a child, there was no evidence of a dangerous condition. Wal–Mart's argument ignores the fact that the appellee's theory of liability was not that the rack was defective, but that Wal–Mart should have foreseen that racks set at their lowest position could be dangerous to children.

■ It is well-established that a young child who accompanies her mother into a store where the mother is planning to shop is, like the mother, a business invitee. *Thacker v. J.C. Penney Co.*, 254 F.2d 672, 677 (5th Cir.), *cert. denied*, 358 U.S. 820, 79 S.Ct. 31, 3 L.Ed.2d 61 (1958); *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073, 1076–77 (1941). Therefore, a merchant who invites the public to his store, knowing that children will frequently accompany their parents, is under a duty to extend to the child the protection of an invitee. *Carlisle*, 152 S.W.2d at 1076–77.

■ Generally, a possessor of land is liable for the injuries caused to invitees by a condition on the land only if (1) he knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; (2) he fails to exercise reasonable care to reduce or eliminate the risk; and (3) the failure to use such care proximately caused the injuries. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983); *H.E.B. Food Stores, Inc. v. Flores*, 661 S.W.2d 297, 299–80 (Tex.App.—Corpus Christi 1983, writ dism'd). Although the same degree of care is owed to both parent and child, different precautions must be taken for children. *Thacker*, 254 F.2d at 677; *City of Lampasas v. Robert*, 398 S.W.2d 612, 615 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.).

■ An ordinary prudent owner or occupier will take into account that children have the tendency to indulge in childish impulses to play and climb. *Thacker*, 254 F.2d at 678. Likewise, a prudent owner or occupier should be aware that a risk of harm is present when certain fixtures, though not normally dangerous, attract young children to use them in an unintended, but reasonably foreseeable manner.

"Age and ability of the child to realize danger, the peculiar attraction certain installations have for children, childish impulses, and the knowledge that young children frequently in the past have been attracted to the installation are all circumstances to be taken into account in determining whether a store owner has complied with his duty of care to an invitee who is a child." *Thacker*, 254 F.2d at 678.

■ In reviewing the record, we find there is ample evidence from which the trial court could have found that Wal–Mart maintained a dangerous condition which presented an unreasonable risk of harm to children, and that Wal–Mart breached its duty of due care by failing to reduce or eliminate the risk.

The evidence reveals that Wal–Mart knew young children would accompany their parents to its store, and were likely to frequent the children's department. The clothing racks located in the children's department were maintained at their lowest position, even though Wal–Mart's employees knew young children were attracted to climb and play on them.

A trier of fact could have found that a clothing rack, though not normally dangerous, presented an unreasonable risk of harm to children when it was adjusted at a height where a mere three-year-old could reach up and swing from it.

Likewise, there was ample evidence from which the trier of fact could conclude that Wal–Mart should have forseen that a young child playing on a clothing rack could be injured, and should have reduced or eliminated the risk. Wal–Mart had the opportunity and ability to adjust the racks in the children's department to a height where a child would not swing from it, but chose not to do so. Therefore, we find that was sufficient evidence to support the trial court's findings and the findings are not so against the great weight and preponderance of the evidence to be manifestly wrong.

The judgment of the trial court is AFFIRMED.